BOYD & BOOTHE, *vs.* GEORGE MOYLER, *Principal Defendant, and* EAST SAGINAW MANUFACTURING COMPANY, *Garnishee.*

IF no issue is claimed by a garnishee, after filing disclosure, the case is to be heard, *ex parte.*
*Saginaw Circuit Court, June* 23 1869.

Disclosure by garnishee had been filed, but no issue claimed —L. 1861, p. 573, Sec. 12—and the case had been put on the docket, for trial by jury, called by the plaintiff.

*D. W. C. Gage.* for Plaintiff.

*H. Joslin,* for Defendant.

*J. J. Wheeler,* for Garnishee.

SUTHERLAND, J. — A question is informally raised, whether the case is at issue.

I think it is not. Notice of claiming an issue is the only mode of denying the plaintiffs' declaration, and that claim is made equivalent to a plea of the general issue.

The act is strangely wanting in clearness. It provides for judgment by default, when a disclosure is not filed, and for a trial, when the statutory issue is formed. But it does not prescribe the practice in a case, in such state as this case is in, where an indebtedness to the principal defendant is sought to be enforced, and a disclosure has been filed, Sec. 2, L. 1863, p. 396, however, provides that from the service of the writ, the garnishee shall be liable to the plaintiff, to the amount of any debt due, or to become due, to the principal defendant ; and

Sec 12, L. 1861, p. 563, provides that the affidavit for the writ shall be held and considered as a declaration by the plaintiff, against the garnishee, for money had and received, in respect to the indebtedness of the garnishee to the principal defendant.

It must be inferred, in the absence of any directions how the case shall then proceed, when no issue is claimed, that the right given by section two, and declared for, as allowed by section twelve, may be enforced by proof and judgment.

Default is not provided for, and no defence being put on record, the hearing must be *ex parte*. The disclosure may be read, and witnesses examined by the plaintiff; and, doubtless, the garnishee may have the privilege of cross-examination.